O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. DORMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. EDCV 06-432 AN <br><br> ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues in the Joint Stipulation ("JS").[1]

By way of the first disputed issue, Plaintiff principally contends that a reversal is warranted because the Administrative Law Judge ("ALJ") erred by failing to discuss, or give proper reasons for disregarding, the opinions and diagnoses that his treating psychiatrist and other treating sources expressed about his mental condition contained in four reports set forth at AR 321, 330-1, 341-2, 345. [JS at 3:1-9.] However, the Court finds Plaintiff's first contention lacks merit for the reasons stated by the Commissioner at pages 4-5 of the JS. In particular, as the Commissioner correctly asserts, the opinions

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

Page 1

1  and diagnoses expressed in the four aforementioned reports were irrelevant because these
2  opinions and diagnoses were made between August and October 2004, "long after March
3  31, 2003, the date Plaintiff's insured status expired. See Macri v. Chater, 93 F.3d 540,
4  545 (9th Cir. 1996) (to establish entitlement to Title II benefits, a claimant must show that
5  disability began on or prior to the expiration of his or her insured status); Sanchez v.
6  Secretary of Health and Human Services, 812 F.2d 509, 511-512 (9th Cir. 1987)
7  (evidence must be probative to the claimant's condition during the relevant time period)."
8  [JS at 4:17-24.]

9       In the second disputed issue, Plaintiff contends the ALJ erred by finding Plaintiff's
10 right shoulder impairment was non-severe notwithstanding the opinion expressed by Dr.
11 Einbund, who examined Plaintiff on January 25, 2002, and opined that Plaintiff's right
12 shoulder precluded him from heavy lifting with his right upper extremity, and work at or
13 above shoulder level. [JS at 6:19-23.] However, the Court finds Plaintiff's second
14 contention lacks merit for the reasons stated by the Commissioner at pages 8-9 of the JS.

15      IT IS THEREFORE ORDERED that judgment be entered affirming the
16 Commissioner's final decision, and dismissing this action with prejudice.

19 DATED: May 29, 2007     / s /
20                         ARTHUR NAKAZATO
                        UNITED STATES MAGISTRATE JUDGE